IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YAN GIMEL,<br><br>         Plaintiff,<br><br>    v.<br><br>PETER BUSCH,<br><br>         Defendant.<br>_____/ | No. C 12-05806 RS<br><br>**ORDER DENYING IFP APPLICATION AND DISMISSING COMPLAINT** |

Plaintiff Yan Gimel applies to proceed in forma pauperis. For the following reasons, the Court denies plaintiff's application and dismisses his complaint with prejudice.

## I.    LEGAL STANDARD

"Court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." The statute also authorizes the district court to dismiss a claim filed in forma pauperis "at any time" if the court

determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *See Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, unreasonable inferences or conclusory legal allegations cast in the form of factual allegations are not accepted as true. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark Cnty., Nevada*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *See DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). By contrast, if a complaint is deficient in a manner that an amendment could possibly cure, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## II.   DISCUSSION

### A. The IFP Application

To obtain the privilege of proceeding in forma pauperis, Gimel must demonstrate his inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that the applicant cannot pay court costs and still be able to provide himself with the necessities of life. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993). Here, Gimel's IFP Application, taken at face value, demonstrates that he is unable to pay the requisite fees and costs. Based on his IFP Application, the Court concludes that he has met the requirement of demonstrating that he is unable to pay filing fees.

### B. The Complaint

Gimel's complaint against Peter Busch in his individual capacity pursuant to 42 U.S.C. § 1983, which allows individuals to sue in Federal Court for violations of their civil rights, alleges that Busch deprived him of his procedural and substantive due process rights, thereby violating the Fifth and Fourteenth Amendments to the United States Constitution. What makes this case different from

the standard case under Section 1983 action is that defendant Busch is a San Francisco Superior Court Judge, and Gimel is attempting to sue Judge Busch for denying a motion Gimel filed in a personal injury action orally from the bench, as opposed to in a written opinion.  Gimel seeks an injunction against all California courts prohibiting them from issuing decisions without written opinions and quashing judgments that have been issued without written opinions.

Gimel's complaint alleges that he is suing Judge Busch in his individual capacity.  The Court, however, need not accept that legal conclusion as true.  *See* Miranda, 279 F.3d at 1106.  Looking at the complaint, it is clear that the gravamen is that Judge Busch, when acting indisputably within his judicial capacity, presiding over a civil case in the San Francisco Superior Court, issued his ruling in a manner to which Gimel objects.  "The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Here, both factors indicate that Judge Busch acted in his judicial capacity in denying Gimel's motion to vacate a judgment under an arbitration award.  Furthermore, the complaint is devoid of any additional factual allegations that could be construed as describing Judge Busch acting in his individual, as opposed to judicial, capacity.  Therefore, this action is construed as one brought against a judicial officer in his judicial capacity.

Section 1983 does not permit injunctive relief to be granted "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See also* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983).  Gimel, however, alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief.  Gimel's claim for injunctive relief is therefore barred under Section 1983.

Gimel's complaint may therefore be dismissed as "frivolous" because "it is clear that the defendant[] [is] immune from suit." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  The

No. C 12-04548-RS

Order

3

frivolity of the complaint is also ground for denying Gimel's IFP Application. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Although Gimel has demonstrated poverty, his application to proceed in forma pauperis is denied because the complaint brings an action against a defendant immune from suit and thus is frivolous. The complaint is denied with prejudice.

IT IS SO ORDERED.

Dated: 12/4/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE